UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Charles Rodgers,                     Civil No. 09-1214 (DWF/SER)

    Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

Michael J. Astrue,
Commissioner of Social Security,

    Defendant.

---

    Thomas A. Krause, Thomas A. Krause, P.C., 4211 Grand Avenue, Suite 1, Des Moines, Iowa 50312 and Ethel Schaen, 1821 University Avenue, Suite 344, North Saint Paul, Minnesota, 55104, on behalf of Plaintiff.

    Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 23] and Plaintiff's Amended Application for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 27] in the amount of $3,624.18, pursuant to 28 U.S.C. § 2412(d). This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Amended Application be granted.

I.    **FACTS AND PROCEDURAL HISTORY**

    Plaintiff Steven Charles Rodgers ("Rodgers") originally applied for social security disability benefits on February 24, 2003. Rodgers' application was denied both initially and on

1

reconsideration. A hearing before an Administrative Law Judge (ALJ) was held on June 17, 2008. The ALJ issued an unfavorable decision on October 17, 2008. The Appeals Council declined review on March 26, 2009.

Seeking judicial review of the final decision of the Commissioner, Rodgers filed the instant action on May 26, 2009 [Doc. No. 1]. Rodgers filed a motion for summary judgment on October 26, 2009 [Doc. No. 10]. Defendant filed its motion for summary judgment on December 10, 2009 [Doc. No. 13].

After considering the parties' arguments, on July 14, 2010, the Honorable Susan Richard Nelson issued a Report and Recommendation recommending the case be remanded to the Commissioner [Doc. No. 16]. Specifically, Judge Nelson determined that the ALJ erred in failing to address whether Rodgers met or equalled Listing 12.05C for mental retardation. While the Court recommended remand on this issue, the Court rejected Rodgers' request for an outright award of benefits.

The Commissioner filed an objection to the Court's Report and Recommendation on July 29, 2010 [Doc. No. 17]. On August 24, 2010, United States District Court Judge Donovan W. Frank adopted the Report and Recommendation and remanded the case to the Commissioner for further proceedings [Doc. No. 19].

Pursuant to the EAJA, Rodgers filed this petition for attorney's fees and expenses on November 9, 2010 [Doc. No. 23] and filed an amended and supplemented petition on December 22, 2010 [Doc. No. 27]. In the amended petition, Rodgers' counsel seeks compensation for twenty-one (21) hours expended in this case, at a rate of $175.37 per hour. These fees total $3,624.18. Rodgers' total request of $3,624.18 includes two point seven (2.7) hours spent preparing his brief in support of his fee petition.

## II. DISCUSSION

### A. Legal Framework of the EAJA.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(B).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that he or she was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (*per curiam*); Lorence v. Astrue, No. 09-0473, 2010 WL 1544287, *4 (D. Minn. Apr. 12, 2010); Moala v. Astrue, No. 06-1531, 2008 WL 508501, *2 (D. Minn. Feb. 21, 2008). Once a plaintiff establishes that he or she

3

was a prevailing party, however, it is the Commissioner's burden to prove that he was substantially justified in asserting his position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). This burden requires the Commissioner to show that his "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D)). A "substantially justified" position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah, 548 F.3d at 683-84 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)); Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991).

The substantial evidence standard is generally more difficult to satisfy than is the substantial justification standard. Accordingly, the Commissioner's position in denying benefits can be substantially justified even if his denial lacks substantial evidence on the record as a whole. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Welter, 941 F.2d at 676. "Because the standards are neither semantic nor legal equivalents, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees." Id. (citation omitted).

In this case, the Court granted Rodgers' request for rehearing and remand on the issue of the ALJ's failure to address Listing 12.05C for mental retardation. This remand renders Rodgers a "prevailing party" under Huett. Accordingly, the burden of establishing a substantial justification for the ALJ's decision shifts to the Commissioner. Though this standard demands less than the substantial evidence standard under Welter, the Commissioner must establish that

4

the ALJ's failure to evaluate or make a determination on Rodgers' mental retardation was reasonable in order to rebut Rodgers' claim for fees incurred in this action. As set forth below, given the complete absence of any consideration of Rodgers' mental retardation under Listing § 12.05C in the ALJ's decision, the Commissioner has not met this burden.

### B. The Commissioner's Success on Several of His Arguments Does Not Indicate His Overall Position Was Substantially Justified.

The United States Supreme Court and the Eighth Circuit have held that a plaintiff can seek fees under the EAJA after a case has been remanded rather than reversed. Schalala v. Schaefer, 509 U.S. 292, 300 (1993); Pottsmith v. Barnhart, 306 F.3d 526, 529 (8th Cir. 2002). Here, Rodgers' failure to obtain benefits does not mean the Commissioner's position was substantially justified. Accordingly, the fact that the Honorable Donovan W. Frank remanded this case instead of awarding Rodgers benefits outright does not preclude an award of EAJA fees.

In deciding whether to award fees, a court should consider the totality of the parties' arguments and positions in the litigation. Generally, "a fee award presumptively encompasses all aspects of the civil action" in the absence of "unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion." Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983). "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Commissioner, INS v. Jean, 496 U.S. 154, 161-62 (1990). Various courts have held that even where the Commissioner prevailed on some of the plaintiff's arguments, the Commissioner's position may not be substantially justified in the totality of the circumstances if the Commissioner's position was unreasonable as to the issue which required remand of the decision to deny benefits. See e.g. Hackett v. Barnhart, 475

F.3d 1166, 1174 n. 1 (10th Cir. 2007); <u>Woods v. Barnhart</u>, No. 06-1619, 2008 WL 2782735, *3 (D. Colo. July 8, 2008); <u>Wait v. Astrue</u>, 495 F. Supp. 2d 1131, 1133 (D. Kan. 2007); <u>Loomis v. United States</u>, 74 Fed. Cl. 350 (Ct. Fed. Cl. 2006).

Here, the Commissioner does not challenge that Rodgers was the prevailing party in this action. Rather, the Commissioner contends that his position was substantially justified because the Court remanded on only one of the four disputed issues. (Def.'s Response to Pl.'s App. for Attorney's Fees Under the EAJA at 3, hereinafter "Def.'s Response"). The Commissioner contends that remand on only one of the four disputed issues "weighs strongly in favor of finding that the Commissioner's position was substantially justified" and therefore the ALJ's decision was sufficiently "reasonable" under the statutory standard. (Def.'s Response 4). Though Rodgers did not succeed on all of his arguments, this fact alone does not mean that the Commissioner's position was substantially justified in the totality of the circumstances.

### C. The Commissioner's Position on the Remanded Issue Was Not Substantially Justified.

The Commissioner's final decision failed to follow well-established social security rulings, regulations, and case law by failing to properly consider Rodgers' allegation of mental retardation under Listing § 12.05C. The Commissioner asserts that the ALJ "reasonably believed that Rodgers had not sustained his burden of proving that he had met the requirements for Listing § 12.05C." (Def.'s Response at 5). The ALJ's decision, however, failed to make any reference to § 12.05C or an evaluation of Rodgers' mental retardation despite myriad portions of the record that suggest Rodgers met the mental retardation criteria based on his GAF and IQ scores. The ALJ's error is substantial given that a determination on Rodgers' mental retardation likely would have significantly impacted the disposition of Rodgers' claim. Moreover, the Court cannot assess whether the ALJ's decision was substantially justified because the decision did not

contain any discussion of Rodgers' mental retardation. Therefore, the Court has no basis upon which to determine reasonableness in the absence of any relevant facts or reasoning in the ALJ's decision. Thus, the Court concludes that the Commissioner has not met his burden to demonstrate his position was substantially justified in light of this error in the ALJ's opinion. The Court finds there was no reasonable basis in law or fact for the Commissioner's position that the ALJ properly analyzed the record as to Rodgers' mental retardation. Therefore, the Commissioner's position was not substantially justified and Rodgers should be awarded fees and costs under the EAJA.

### D. Plaintiff's Requested Fees Are Not Excessive.

The Court also rejects the Commissioner's argument that Rodgers' requested EAJA fee award is excessive. Other judges in this district have previously awarded EAJA fee petitions calculated based on the annual cost of living adjustment to the 1996 rate guidelines. See Strom v. Astrue, No. 07-150, 2008 WL 2098107, *5 (D. Minn. Apr. 28, 2008). Moreover, parties routinely calculate the "prevailing hourly rate" based on the time expended per each year multiplied by the CPI annual index for each year. Id. at *5. It logically follows that fees calculated based on this methodology are not excessive. See Lorence, 2010 WL 1544287, *4 (finding rate of $172.24 per hour to be a "reasonable rate"). Here, Rodgers' counsel spent twenty-one (21) hours representing Rodgers in federal court. Rodgers' briefs in this matter totaled twenty six (26) pages and covered a number of interrelated issues. Rodgers' amended EAJA fee motion appropriately separates the calculation of fees based on the CPIs for each respective year, which is congruent with the acceptable methodology in Strom. Furthermore, based on Lorence and the circumstances of this case, the Court cannot say that Rodgers' fee request of $175.37 per hour is excessive. The Court further finds that the $175.37 per hour rate

is reasonable in light of the increase in the cost of living subsequent to the enactment of the $125.00 statutory rate guidelines set in 1996. In conclusion, this Court recommends that Rodgers be awarded $3,624.18 in fees under the EAJA.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that: 1) Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 23] be **DENIED as moot**; 2) Plaintiff's Amended Application for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 27] be **GRANTED**; and 3) that Plaintiff be awarded $3,624.18 in fees under the EAJA.

Dated: February 3, 2011

                                             _s/ Steven E. Rau_
                                             STEVEN E. RAU
                                             United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **February 17, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.